**JOSEPH G. MORETTI, INC.,**
**Plaintiff-Appellant,**

v.

**Martin R. HOFFMAN, Secretary of the Army, et al., Defendants-Appellees.**

No. 75–1305.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1976.

Kenneth L. Ryskamp, Robyn Greene, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., David F. McIntosh, Asst. U. S. Atty., Miami, Fla., Charles E. Biblowit, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BELL, AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge:

In this case, which was consolidated with *United States v. Joseph G. Moretti, Inc. and Joseph G. Moretti, Jr.,* 5 Cir. 1976, 526 F.2d 1306 (*Moretti II*) this day decided, Moretti, Inc. appeals from a judgment dismissing its complaint for review of the administrative action of the Chief of the Corps of Engineers denying its application for an after-the-fact dredging and fill permit. We affirm.

The factual background of this litigation is detailed in *United States v. Joseph G. Moretti, Inc.,* 5 Cir. 1973, 478 F.2d 418 (*Moretti I*) and in *Moretti II, infra.* Suffice it to say that here Moretti, Inc. asserts that the processing of the after-the-fact permit by the Corps of Engineers was a sham because in the report recommending denial of the application, documents favorable to Moretti, Inc. were omitted; it received unequal treatment with other applicants; the denial was founded on a punitive motivation; and there was no substantial evidence to support the decision. Additionally Moretti, Inc. claims that although requested to do so, the Secretary of the Army refused to review the recommendation to deny the permit. Finally, it contends that the district court prejudicially curtailed its right to discovery.

The district court concluded that the Secretary was not required to review applications for dredge and fill permits because ultimate authority for the applications is vested in the Chief of the Corps of Engineers. The court also found that the denial of the after-the-fact application was neither arbitrary nor capricious. We agree.

■ There is no merit to Moretti, Inc.'s contention that the Secretary of the Army must review the denial of applications for dredge and fill permits and cannot delegate his discretionary authority to the Chief of the Corps of Engineers. He "may assign, detail, and prescribe the duties of members of the Army . . ." 10 U.S.C.A. § 3012. Acting under this statutory prerogative, the Secretary authorized "the Chief of Engineers and his authorized representatives to issue or deny permits for construction or other work affecting navigable waters of the United States." 33 C.F.R. § 209.120 App.D. p. 340. This delegation of discretionary authority by the Secretary is well within his statutory power. *See United States v. Nixon,* 1974, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039; *Accardi v. Shaughnessy,* 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681.

■ We are equally unimpressed with Moretti, Inc.'s argument that his discovery was curtailed. In *Gables by the Sea, Inc. v. Lee,* S.D.Fla.1973, 365 F.Supp. 826, aff'd per curiam, 5 Cir. 1974, 498 F.2d 1340, the plaintiff sought to conduct extensive discovery proceedings to show that the Corps improperly denied his application for a dredge and fill permit. The discovery was denied on the basis that the action was a challenge, pursuant to the Administrative Procedure Act, to a final agency decision which must be reviewed only on the administrative record. "Information extraneous to the record should not be considered in the review procedure. If the agency action is found to be improper, the matter should be remanded to the agency; it would be improper to conduct *de novo* proceedings in the form of a trial by the district court to consider extra-record information." 365 F.Supp. at 830.

Nor need we tarry long to consider Moretti, Inc.'s lack of substantial evidence contention. "The appropriate standard for review was . . . whether the . . . adjudication was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' as specified in 5 U.S.C. § 706(2)(A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 1973, 411 U.S. 138 at 142, 93 S.Ct. 1241 at 1244, 36 L.Ed.2d 106.

■ We turn now briefly to the alleged omissions from the record de-

nounced by Moretti, Inc., as supporting its assertion of sham proceedings. First, the statement made by the District Counsel, after the mandate in *Moretti I,* that the permit should be denied, is of no legal or factual significance because District Counsel has no decision making authority with respect to the issuing or denial of permits. Moreover the District Engineer who decided the matter was unaware of the memorandum of the District Counsel. Thus there was no necessity to attach the memorandum to the report transmitted for review by the Director of Civil Works.

With respect to the 1971 report of the Resident Engineer recommending that the permit be granted, its preparation was accomplished prior to the receipt of the views expressed by other government agencies and the public. Moreover, it was based on an inaccurate application initially submitted by Moretti, Inc. Its dubious relevancy made it appropriate to exclude it from the report transmitted to Washington.

Finally, Moretti, Inc.'s complaint that it received unequal treatment with other applicants is unfounded. The Corps has denied many applications to dredge and fill by others and, in fact, granted none in 1974. In any event, as the Supreme Court said in a parallel situation, "[t]he mild measures to others and the apparently unannounced change of policy are considerations appropriate for the Commission in determining whether its action in this case is too drastic, but we cannot say that the Commission is bound by anything that appears before us to deal with all cases at all times as it has dealt with some that seem comparable." *Federal Communications Commission v. WOKO, Inc.,* 1946, 329 U.S. 223, 228, 67 S.Ct. 213, 215, 91 L.Ed. 204. See also *Couch v. Udall,* 10 Cir. 1968, 404 F.2d 97; 2 K. Davis, Administrative Law Treatise, § 17.07 at 528 (1958).

We are convinced that there was a rational basis for the denial of the permit. Further development of the record, after remand, by the solicitation and consideration of the views of other governmental agencies and the public, particularly because of the increasing awareness of environmental and ecological conditions was entirely proper. We are unable to find fault with the Corps' processing of Moretti, Inc.'s after-the-fact application:

> It was consistent with the applicable regulations, 33 C.F.R. § 209.120, and with the three major pieces of legislation which set policy in this area, the National Environmental Policy Act of 1969, 42 U.S.C. § 4331–4347, the Fish and Wildlife Coordination Act of 1934, 16 U.S.C. § 661–666c, and the Rivers and Harbors Appropriation Act of 1899 [33 U.S.C.A. § 401–426]. The Corps properly considered environmental factors in making its decision. *Zabel v. Tabb* [5 Cir. 1970, 430 F.2d 199]. It properly consulted other agencies in making its decision, *United States v. Moretti,* 5th Cir. 1973, 478 F.2d 418. See also *Bankers Life and Casualty Company v. Village of North Palm Beach,* 469 F.2d 994 (5 Cir. 1972).

*Di Vosta Rentals, Inc. v. Lee,* 5 Cir. 1973, 488 F.2d 674, 681.

Affirmed.